UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT DAVID,

                              Plaintiff,

                -against-

DEPARTMENT OF CORRECTIONS; C.O. JEFFRIES; C.O. FAULK,

                             Defendants.

21-CV-10677 (LJL)

ORDER OF SERVICE

---

LEWIS J. LIMAN, United States District Judge:

      Plaintiff, who is currently detained at the Anna M. Kross Center (AMKC), brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendants used excessive force against him, failed to protect him from a serious risk of harm, and subjected him to unconstitutional conditions of confinement. By order dated December 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if it lacks subject matter

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.   New York City Department of Correction**

Plaintiff's claims against the New York City Department of Correction (DOC) must be dismissed. As an agency of the City of New York, the DOC is not an entity that can be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.   Waiver of Service**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that the following defendants waive service of summons: the

City of New York; Correction Officer Jeffries at the George R. Vierno Center; and Correction Officer Faulk at AMKC.

### C. Court-ordered Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Court dismisses Plaintiff's claims against defendant New York City Department of Correction and directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to add the City of New York as a Defendant.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests waiver of service of summons from the following Defendants: the City of New York; Correction Officer Jeffries; and Correction Officer Faulk. Local Civil Rule 33.2 applies to this action.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    SO ORDERED.

Dated:  December 16, 2021
         New York, New York

                                            LEWIS J. LIMAN
                                          United States District Judge

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    SO ORDERED.

Dated:  December 16, 2021
       New York, New York

                                    LEWIS J. LIMAN
                                    United States District Judge