

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DAMIAN P. GALLAGHER**
*Assistant Corporation Counsel*
Phone: (212) 356-5054
Email: dgallagh@law.nyc.gov

April 29, 2022

**By ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *David v. City of New York, et al.*, No. 21 Civ. 10677 (LJL) (KHP)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendant City of New York in the above-referenced matter. Defendant City respectfully writes in accordance with the Court's April 12, 2022 Order and respectfully requests that the Court further stay this action, including all deadlines, from May 9, 2022 until June 10, 2022.

**I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY.**

  Plaintiff, who is proceeding *pro se*, initiated this action on December 14, 2021. Compl., ECF No. 2. Plaintiff's allegations arise from two separate dates: first, Plaintiff alleges that on August 9, 2021, he was "illegally extracted[,] maced[,] and cuffed and shackled at AMKC" where he was then placed on a bus to be transported to GRVC. *Id.* at 4. While on the bus, Plaintiff says Correction Officer Jeffries came onto the bus, threatened Plaintiff and two other inmates—A.G. and A.S.—slapped them, and then Correction Officer Faulk "maced" all three of the inmates. *Id.* Plaintiff further alleges that both Officer Jeffries and Officer Faulk left them on the bus from 8:30 PM on August 9, 2021 until 11:35 AM on August 10, 2021. *Id.* Moreover, Plaintiff says he was "afforded no medical" and was subsequently placed in "a gang house on purpose" by Officer Jeffries. *Id.* Plaintiff allegedly told Officer Jeffries that he is not a gang member and that he is disabled. *Id.* After Plaintiff was placed in "the gang house," he says he was "jumped and splashed with [b]oiling water." *Id.* Plaintiff pleads that he was left in "the ball pens" where he "underwent would care" that was "gnat infested," lacked showers, he received no recreation time, and was denied food. *Id.* Plaintiff finally alleges he was denied access to courts "to tell the judge." *Id.*

  The parties attended an initial conference on April 12, 2022 to discuss the status of the case and to discuss Defendant City of New York's letter motion to stay this action until May 9, 2022. *See* ECF No. 22. As discussed on the record, the reason the case requires a stay is because there are two pending investigations with the New York City Department of Correction Investigative Division regarding the facts and circumstances surrounding the incidents giving rise to Plaintiff's instant action. The Court granted Defendant City's request to stay the action until May 9, 2022 and ordered the undersigned to file a letter by April 29, 2022 to inform the Court on the status of

the investigations and the need for any extension of the stay.[1]  *Id.*  The Court also ordered Defendant City to exchange discovery as dictated by Local Civil Rule 33.2 to Plaintiff by April 22, 2022.  *Id.*  Defendant City served Plaintiff with responses and responsive documents in accordance with Local Civil Rule 33.2 on April 22, 2022.  *See* Affidavit of Service, ECF No. 24.

## II.    DEFENDANT CITY'S REQUEST TO FURTHER STAY THIS ACTION UNTIL JUNE 10, 2022.

Defendant City respectfully requests that the Court further stay this action from May 9, 2022 until June 10, 2022.  There are several reasons for this request.  First, after consulting with DOC on April 26, 2022, Defendant City states that both investigations are still pending and have not yet been closed. DOC has not and is unable to provide a date certain as to when the investigations will be definitively closed. Because these investigations have not been closed, this action should be stayed for the same reasons the Court granted the initial stay in this action.  *See* ECF No. 22.  Specifically, the fact that these investigations are still pending prevents this Office from resolving representational decisions with respect to Officer Faulk and Officer Jeffries.  State law provides a statutory process for which these individuals are entitled to be represented by this Office to the extent that they were acting within the scope of their duties as employees and not in violation of any agency rule or regulation during the incident in question.  *See* N.Y. GEN. MUN. LAW § 50-k; *Mercurio v. City of New York*, 758 F.2d 862, 854-65 (2d Cir. 1985) (*quoting Williams v. City of New York*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).  Relatedly, this Office is unable to proceed with making those representation determinations with the pending investigations because it could create a conflict requiring defense counsel to withdraw from representation and require to new counsel to be retained.

Relatedly, the Court should further stay the proceedings in their entirety because the City would be unable to file an answer or response to the Complaint in good faith as required by Rule 11 of the Federal Rules of Civil Procedure. Because Defendant City is a municipality, it can only communicate through its agents.  As a consequence, Defendant City would need to communicate with Officer Faulk and Officer Jeffries to inquire as to Plaintiff's allegations as enumerated in the Complaint.  However, best practices prevents this Office from conferring with the individual officers while the investigations are still pending. Defendant City cannot fully and fairly investigate the allegations in the Complaint while DOC's investigation is pending. Thus, Defendant City requests that the Court stay the proceeding in their entirety, including the present date by which Defendant City and Officer Jeffries must respond to the Complaint, presently set for May 9, 2022.

Finally, as the undersigned indicated during the April 12, 2022 Initial Conference, he will be departing the Law Department effective today April 29, 2022.  Thus, this case will need to be internally reassigned and the next defense counsel will need sufficient time to review the litigation history and to confer with DOC while this action is stayed.

As a result, Defendant City respectfully requests that the Court stay this action from May 9, 2022 until June 10, 2022.  Because DOC's Investigative Division has not specified a timeline as to when the investigation will conclude, Defendant City proposes that it file a status letter

---

[1] The Court also ordered the undersigned, on the record, to dispatch a copy of Initial Conference's transcript to Plaintiff.  Defendant City complied with this Order.  *See* Affidavit of Service, ECF No. 23.

apprising the Court on the status of the investigations by June 3, 2022 and included therein, whether a further stay will be required.

### III.   CONCLUSION.

For the foregoing reasons, Defendant City respectfully requests that the Court grant a stay of the instant litigation until June 10, 2022. Then, by June 3, 2022, Defendant City will file a letter apprising the Court of the status of DOC's investigations. If at that time a further stay is necessary, Defendant City will make the appropriate application to the Court.

Thank you for your consideration herein.

Respectfully submitted,

*Damian P. Gallagher*

Damian P. Gallagher
*Assistant Corporation Counsel*

Cc:   **By U.S. Mail**
Robert David
Plaintiff *Pro Se*
89 Porter Avenue
Brooklyn, New York 11237

The request is GRANTED. The stay in this case shall be extended to June 10, 2022, and the deadline to answer or otherwise respond to the complaint is adjourned to June 10, 2022. Defendant City shall file a status letter by June 3, 2022. The Court is not inclined to give further extensions of the stay in this case. If the DOC investigations remain pending, Defendants may need to be prepared to make alternative arrangements regarding representation.

4/29/22   SO ORDERED.

LEWIS J. LIMAN
United States District Judge