UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
ROBERT DAVID,                                                          :
:
                              Plaintiff,                          :
:      21-cv-10677 (LJL)
             -v-                                                        :
:      MEMORANDUM AND
CITY OF NEW YORK et al.,                                               :      ORDER
:
                              Defendants.                        :
:
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2023

LEWIS J. LIMAN, United States District Judge:

       Plaintiff, *pro se*, initiated this action by Complaint on December 14, 2021.  Dkt. No. 2.  The Court held an initial pretrial conference on March 29, 2022.  Dkt. No. 20.  Plaintiff did not appear.  The Court rescheduled that initial pretrial conference to April 12, 2022.  Plaintiff made an appearance.  He has not made an appearance before the Court since that April 12, 2022 conference.  On June 2, 2022, the Court scheduled a telephonic conference for July 27, 2022.  Dkt. No. 32.  On June 30, 2022, the Court ordered Plaintiff to respond to Defendants' Identification Interrogatories by July 28, 2022, in order to properly identify the officer involved in the underlying incident.  Dkt. No. 38.  Plaintiff did not appear at the July 27, 2022 conference.  He also did not respond to the Identification Interrogatories.  The Court then rescheduled the conference for August 18, 2022.  Dkt. No. 40.  The Court also again ordered Plaintiff to respond to Defendants' Identification Interrogatories by August 26, 2022.  Dkt. No. 41.  Plaintiff did not appear at the August 18, 2022 conference.  Dkt. No. 43.  Nor did he respond to the Identification Interrogatories.  The Court rescheduled the conference to September 16, 2022, and warned Plaintiff that "if he fails to appear at the September 16, 2022 conference, his case may be dismissed for failure to prosecute."  *Id*.  Plaintiff did not appear at the September 16, 2022

conference.  Defendants filed a letter motion to dismiss for failure to prosecute on September 27, 2022.  Dkt. No. 46.  Plaintiff has never responded to the Identification Interrogatories.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court."  *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate:  whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors.  Plaintiff has not prosecuted his case at all for nearly 12 months.  "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient, *id*. (collecting cases).  Plaintiff was given notice in the Court's order

2

at Dkt. No. 43 that failure to appear at the September 16, 2022 conference would result in dismissal.  Continued delay would prejudice Defendants, as "memories fade" and Defendants have not been able to identify the correct person that Plaintiff accuses in his Complaint.  Dkt. No. 46.  Further, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews* Corp., 682 F.2d 37, 43 (2d Cir. 1982).  Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's failure to respond to the interrogatories to identify the officer at issue, his "failure to prosecute and . . . [his] failures to appear at court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'"  *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: March 31, 2023
      New York, New York

                                       LEWIS J. LIMAN
                                  United States District Judge